STATE OF CONNECTICUT *v.* BERNARD
C. E. GAUMOND, JR.
(10365)

DUPONT, C. J., NORCOTT and HEIMAN, Js.

Argued April 1—decision released April 28, 1992

*Richard B. Grabow,* for the appellant (defendant).

*Rita M. Shair,* assistant state's attorney, with whom, on the brief, were *Mark S. Solak,* state's attorney, *Mark Stabile,* deputy assistant state's attorney, and *Russell Case,* law student intern, for the appellee (state).

HEIMAN, J. The defendant appeals after a plea of nolo contendere to and subsequent finding of guilty of the charge of operating a motor vehicle while under the influence of liquor or drug, in violation of General Statutes § 14-227a (a). He claims that the trial court improperly denied his motion to suppress the results of two breath tests administered subsequent to his arrest. The defendant reserved his right to appeal pursuant to General Statutes § 54-94a.

The defendant claims that the trial court improperly denied his motion to suppress the test results because his arrest was not supported by probable cause. The central theme of his argument is that the arresting police officer relied on a horizontal gaze nystagmus test to determine that probable cause existed to believe that he was operating a motor vehicle while under the influence of liquor. The defendant posits that because the gaze nystagmus test was unreliable, the arrest was not supported by probable cause. See *State* v. *Martin,* 2 Conn. App. 605, 613, 482 A.2d 70 (1984), cert. denied, 195 Conn. 802, 488 A.2d 457, cert. denied, 472 U.S. 1009, 105 S. Ct. 2706, 86 L. Ed. 2d 721 (1985).

The trial court, after a hearing on the motion to suppress, found that the arresting officer had observed the defendant drive 150 yards in the oncoming lane of traffic before returning to the proper lane, then drive straight through a lane marked both on the pavement and by a sign as left turn only. The trial court further found that, after the arresting officer stopped the defendant, the officer smelled alcohol on the defendant's breath and that the defendant admitted that he had had a few drinks. The trial court found that these

facts were sufficient, without regard to the results of the gaze nystagmus test, to support the officer's conclusion that probable cause to arrest the defendant for operating a motor vehicle while under the influence of liquor existed. We agree with the trial court.

Our review of the transcript of the proceedings on the motion to suppress leads us to conclude that the trial court's factual findings are not clearly erroneous. See *International Assn. of Firefighters, Local 786* v. *Serrani,* 26 Conn. App. 610, 615, 602 A.2d 1067 (1992). Further, its conclusion that probable cause existed to arrest the defendant before the administration of the gaze nystagmus test is legally and logically consistent with the facts found. See *State* v. *Whitfield,* 26 Conn. App. 103, 109–10, 599 A.2d 21 (1991). Thus, the reliability of the gaze nystagmus test is, under the facts of this case, immaterial.

In light of our resolution of this issue, we need not address the other issues raised in this appeal.

The judgment is affirmed.

In this opinion the other judges concurred.