## WALTER J. SCOTT *v.* JOSE SALINAS, COMMISSIONER OF MOTOR VEHICLES

Superior Court Judicial District of File No. 98 0581926
 Hartford

Memorandum filed November 16, 1998*

 

*Thompson Legal Services,* for the plaintiff.

*Office of the Attorney General,* for the defendant.

HARTMERE, J. This is an administrative appeal filed by the plaintiff, Walter J. Scott, from the decision of Jose Salinas, commissioner of motor vehicles (commissioner), ordering the suspension of the plaintiff's motor vehicle operator's license for a period of ninety days. The commissioner acted pursuant to General Statutes (Rev. to 1997) § 14-227b on the ground that the plaintiff failed two chemical tests of the alcohol content of his blood after having been arrested on a charge of operating a motor vehicle while under the influence of alcohol. The plaintiff has brought this appeal pursuant to General Statutes § 4-183.

The evidence at the hearing before a department of motor vehicles hearing officer consisted of the Form A-44[1] with attached supplemental report, a copy of the temporary operator's license, a copy of the two test records (all of which were marked state's exhibit A) and a copy of the improved sobriety testing of the national highway traffic safety administrative manual. Additionally, the hearing officer heard the testimony of the arresting officer, Trooper Andrew Crumbie, Connecticut state police, Troop H, Hartford, and the plaintiff.

---

* Affirmed. *Scott* v. *Salinas,* 57 Conn. App. 649, 749 A.2d 1228 (2000).

[1] The A-44 report form is a form approved by the department of motor vehicles for processing individuals arrested for driving while under the influence of intoxicating liquor.

The evidence introduced at the hearing established that on June 24, 1998, at approximately 10 p.m., Crumbie observed the plaintiff driving south on Interstate 91 in the right lane. The plaintiff drifted onto the right shoulder four times between exits 35 and 33, nearly colliding with the guardrail on the right side of the roadway. After Crumbie initiated lights and siren, the plaintiff jerked his vehicle to the right and then abruptly to the left. The plaintiff then jerked the vehicle into the right shoulder where it came to a full stop. The trooper noticed a strong odor of alcohol emanating from the plaintiff's vehicle as he approached it. When he began to speak with the plaintiff, Crumbie detected a strong odor of alcohol from the plaintiff's breath. The plaintiff initially admitted having two beers but later in the conversation stated that he had had four beers. The plaintiff performed poorly on the horizontal gaze nystagmus test and could not perform the walk-turn test or the one leg stand test. On the walk-turn test, the plaintiff walked two steps, lost his balance and had to be supported by Crumbie to avoid falling down. On the basis of the foregoing as well as the facts that the plaintiff's speech was slurred, he was glassy eyed, and had a disheveled appearance, Crumbie arrested the plaintiff. The plaintiff was advised of his constitutional rights at the scene and again at Troop H in Hartford, where he was transported. At Troop H, he also was advised of his rights under the implied consent laws. The plaintiff agreed to take two intoximeter tests, the first of which was administered at approximately 10:26 p.m. and resulted in a blood alcohol content reading of 0.218 percent. A second breath test was administered at approximately 11:08 p.m. which resulted in a reading of 0.205 percent.

On July 6, 1998, the plaintiff was informed that his license had been suspended for a period of ninety days. A hearing on the suspension order was conducted on July 21, 1998, before attorney Charles C. Greenwald,

hearing officer. On the same date, the commissioner issued his decision suspending the plaintiff's driver's license for a period of ninety days.

The plaintiff has presented two issues in this administrative appeal: (1) whether the A-44 police report and its supplements were properly admitted into evidence; and (2) whether there was substantial evidence to support the hearing officer's determination that there was probable cause to arrest the plaintiff for operating a motor vehicle while intoxicated.

The suspension hearing provided under § 14-227b is limited to four issues.[2] Those limitations have been approved in *Buckley* v. *Muzio*, 200 Conn. 1, 8, 509 A.2d 489 (1986), and *Weber* v. *Muzio*, 204 Conn. 521, 523, 528 A.2d 828 (1987). In this type of an administrative appeal, the plaintiff bears the burden of proving that the commissioner's decision to suspend a motor vehicle operator's license was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. *Schallenkamp* v. *DelPonte*, 229 Conn. 31, 39, 639 A.2d 1018 (1994); see also *Lawrence* v. *Kozlowski*, 171 Conn. 705, 713–14, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S. Ct. 2930, 53 L. Ed. 2d 1066 (1977).

I

## THE POLICE REPORT

The plaintiff argues that the police report (A-44) failed to comply with § 14-227b (c), and therefore was inad-

---

[2] General Statutes (Rev. to 1997) § 14-227b (f), now (g), provides in pertinent part: "The hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that the ratio of alcohol in the blood of such person was

missible in the suspension hearing. General Statutes (Rev. to 1997) § 14-227b (c) provides in relevant part: "The report shall be made on a form approved by the Commissioner of Motor Vehicles and shall be subscribed and sworn to under penalty of false statement as provided in section 53a-157b by the arresting officer. If the person arrested refused to submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal. The report shall set forth the grounds for the officer's belief that there was probable cause to arrest such person for operating a motor vehicle while under the influence of intoxicating liquor or any drug or both or while his ability to operate such motor vehicle is impaired by the consumption of intoxicating liquor, and shall state that such person had refused to submit to such test or analysis when requested by such police officer to do so or that such person submitted to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight."

Here, the plaintiff complains that the oath section of the form A-44 was not completed by Crumbie. The plaintiff did not object to the admissibility of this document on this basis at the suspension hearing. Crumbie did sign the A-44 in the space provided for the testing officer, but failed to sign the space at the bottom of the form just above the signature of the person administering the oath, a state police sergeant, who did sign the form. A two page supplemental investigative report was incorporated into this A-44 form. Each page of the supplemental investigative report was subscribed and sworn to by Crumbie before the same state police sergeant. Crumbie testified at the hearing that he swore to the A-44 under oath, which was uncontradicted.

ten-hundredths of one per cent or more of alcohol, by weight; and (4) was such person operating the motor vehicle. . . ."

In *Volck* v. *Muzio*, 204 Conn. 507, 518, 529 A.2d 177 (1987), our Supreme Court held that the failure of the operator to make a proper objection to the admission of the A-44 form at the administrative hearing precluded him from raising the issue before the court. Referring to the procedural safeguards of the A-44 form, the court stated: "Its evident purpose is to provide sufficient indicia of reliability so that the report can be introduced in evidence as an exception to the hearsay rule, especially in license suspension proceedings, without the necessity of producing the arresting officer." Id. There, the A-44 form lacked the signature of a witness to the refusal to submit to testing.

As stated by our Appellate Court in *Bialowas* v. *Commissioner of Motor Vehicles*, 44 Conn. App. 702, 712, 692 A.2d 834 (1997): "The issue of whether a police report was made under oath goes to the question of reliability of the report. Administrative tribunals are not 'strictly bound by the rules of evidence . . . so long as the evidence is reliable and probative.' " See also *Paquette* v. *Hadley*, 45 Conn. App. 577, 580–81, 697 A.2d 691 (1997).

Finally, both Crumbie's two page supplementary report, which was subscribed and sworn, and Crumbie's testimony before the hearing officer, standing alone, are sufficient to meet the criteria of General Statutes (Rev. to 1997) § 14-227b (f). Thus, the plaintiff's argument, based on a procedural deficiency in the A-44 form, must fail.

## II

### PROBABLE CAUSE

The plaintiff argues that Crumbie lacked probable cause to arrest him for violating General Statutes § 14-227a because the field sobriety tests were incorrectly

administered. The plaintiff's claim is based on the plaintiff's testimony at the suspension hearing that the field sobriety tests were not explained or demonstrated to him prior to his performing and failing the same. The plaintiff points to the lack of reference to an explanation of the tests in the trooper's report. At the hearing, however, Crumbie testified that he explained and demonstrated each field test to the plaintiff prior to the plaintiff's failing each test.

Of course, the failure of field sobriety tests is a sufficient basis to justify an arrest for driving while intoxicated. *State* v. *Lamme*, 216 Conn. 172, 175–76, 579 A.2d 484 (1990).

In the present case, there is contradictory evidence in the record. The mere possibility of drawing two different conclusions from the evidence, however, does not prevent an agency's determination from being supported by substantial evidence. *Newtown* v. *Keeney*, 234 Conn. 312, 320, 661 A.2d 589 (1995), quoting *Samperi* v. *Inland Wetlands Agency*, 226 Conn. 579, 587–88, 628 A.2d 1286 (1993). The hearing officer was under no obligation to accept the plaintiff's explanation of events over the testimony of Crumbie.

Even without the results of the field sobriety tests, there was substantial evidence before the hearing officer from which a determination of probable cause for the plaintiff's arrest could be made. The plaintiff's erratic operation of his motor vehicle, his swerving from lane to lane, the odor of alcohol from his vehicle and his person, his slurred speech, his glassy eyes, his admission of drinking beer, at first two beers and later four beers, and his losing his balance and having to be supported to be kept from falling down establish ample probable cause for his arrest. See *State* v. *Gaumond*, 27 Conn. App. 461, 462–63, 606 A.2d 735 (1992). There

is substantial evidence in the record to support the hearing officer's finding of probable cause.

On the basis of the foregoing, the plaintiff's administrative appeal is dismissed.