[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal filed by the plaintiff, Walter J. Scott, from a decision of the State of Connecticut Department of Motor Vehicles (DMV) which ordered the suspension of the plaintiff's motor vehicle operator's license for a period of ninety days. The Commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff failed two chemical tests of the alcohol content of his blood after having been arrested on a charge of driving while under the influence of alcohol. The plaintiff has brought this appeal pursuant to General Statutes § 4-183.
The evidence at the hearing before the DMV hearing officer consisted of the Form A-44,[1] with attached supplemental report, a copy of the temporary operator's license, a copy of the two test records (all of which were marked State's Exhibit A), and a copy of the improved sobriety testing of the national CT Page 13101 highway traffic safety administrative manual (Respondent's Exhibit 1). Additionally, the hearing officer heard the testimony of the arresting officer, Trooper Andrew Crumbie, Connecticut State Police, Troop H, Hartford, and the plaintiff, Walter J. Scott.
The evidence introduced at the hearing established that on June 24, 1998, at approximately 10:00 p. m., Trooper Crumbie observed the plaintiff driving south on Interstate 91 in the right lane. The plaintiff drifted into the right shoulder four times between exits 35 and 33 nearly colliding with the guardrail on the right side of the roadway. After Trooper Crumbie initiated lights and siren, the plaintiff jerked his vehicle to the right and then abruptly to the left. The plaintiff then jerked the vehicle into the right shoulder where it came to a full stop. The trooper noticed a strong odor of alcohol emanating from the plaintiff's vehicle as he approached it. When he began to speak with the plaintiff, the trooper detected a strong odor of alcohol from the plaintiff's breath. (Return of Record (ROR), Item 2, Transcript (Tr.), pp. 43-44.) The plaintiff initially admitted having two beers but later in the conversation stated that he had had four beers. The plaintiff performed poorly on the Horizontal Gaze Nystagmus test and could not perform the Walk-Turn test, nor the One Leg Stand test. On the Walk-Turn test, the plaintiff walked two steps, lost his balance and had to be supported by the trooper to avoid falling down. (ROR, Item 2, Tr., p. 46.) Based on the foregoing as well as the acts that the plaintiff's speech was slurred, he was glassy eyed, and had a disheveled appearance, Trooper Crumbie arrested the plaintiff. (ROR, Item 2, Tr., p. 50.) The plaintiff was advised of his constitutional rights at the scene and again at Troop H in Hartford, where he was transported. At Troop H, he also was advised of his rights under the implied consent laws. The plaintiff agreed to take two intoximeter tests, the first of which was administered at approximately 10:26 p. m. and resulted in a blood alcohol content reading of .218. A second breath test was administered at approximately 11:08 p. m. which resulted in a reading of .205. (ROR, Item 2, Tr., p. 52.)
On July 6, 1998, the plaintiff was informed that his license had been suspended for a period of ninety days by DMV. A hearing on the suspension order was conducted on July 21, 1998, before Attorney Charles C. Greenwald, hearing officer. On the same date, DMV issued its decision suspending the plaintiff's driver's license for a period of ninety days. CT Page 13102
The plaintiff has presented two issues in this administrative appeal: 1) whether the A-44 police report and its supplements were properly admitted into evidence; and 2) whether there was substantial evidence to support the hearing officer's determination that here was probable cause to arrest the plaintiff for driving while intoxicated.
The suspension hearing provided under § 14-227b is limited to four issues.[2] These limitations have been approved in Buckley v. Muzio, 200 Conn. 1, 8 (1986) and Weber v.Muzio, 204 Conn. 521, 523 (1987). In this type of an administrative appeal, the plaintiff bears the burden of proving that the DMV decision to suspend a motor vehicle operator's license was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Schallenkamp v.DelPonte, 229 Conn. 31, 39 (1994); see also Lawrence v.Kozlowski, 171 Conn. 705, 713-14 (1976), cert. denied,431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977).
I. The Police Report.
The plaintiff argues that the police report (A-44), failed to comply with General Statutes § 14-227b(c), and therefore was inadmissable in the DMV hearing. Section 14-227b(c) provides in pertinent part:
 The report shall be made on a form approved by the Commissioner of Motor Vehicles and shall be subscribed and sworn to under penalty of false statement as provided in section 53a-157b by the arresting officer. If the person arrested refused to submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal. The report shall set forth the grounds for the officer's belief that there was probable cause to arrest such person for operating a motor vehicle while under the influence of intoxicating liquor or any drug or both or while his ability to operate such motor vehicle is impaired by the consumption of intoxicating liquor, and shall state that such person had refused to submit to such test or analysis when requested by such police officer to do so or that such person submitted to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that the ratio of alcohol in the CT Page 13103 blood of such person was ten-hundredths of one per cent or more of alcohol, by weight.
Here the plaintiff complains that the oath section of the form A-44 was not completed by Trooper Crumbie. The plaintiff did not object to the admissibility of this document on this basis at the DMV hearing. Trooper Crumbie did sign the A-44 in the space provided for the testing officer. However, Trooper Crumbie failed to sign the space at the bottom of the form just above the signature of the person administering the oath, a state police sergeant, who did sign the form. A two page supplemental investigative report was incorporated into this A-44 form. Each page of the supplemental investigative report was subscribed and sworn to by Trooper Crumbie before the same state police sergeant. Trooper Crumbie testified at the DMV hearing that he swore to the A-44 under oath, which was uncontradicted. (ROR, Item 2, Tr., p. 16.)
In Volck v. Muzio, 204 Conn. 507, 529 A.2d 177 (1987), the Connecticut Supreme Court held that the failure of the operator to make a proper objection to the admission of the A-44 at the administrative hearing precluded him from raising the issue before the court. Id., 518. Referring to the procedural safeguards of the A-44, the Court stated "[i]ts evident purpose is to provide sufficient indicia of reliability so that the report can be introduced in evidence as an exception to the hearsay rule, especially in license suspension proceedings, without the necessity of producing the arresting officer." Id. There, the A-44 lacked the signature of a witness to the refusal to submit to testing.
As stated by the Connecticut Appellate Court in Bialowas v.Commissioner of Motor Vehicles, 44 Conn. App. 702 (1997): "The issue of whether a police report was made under oath goes to the question of reliability of the report. Administrative tribunals are not `strictly bound by the rules of evidence . . . so long as the evidence is reliable and probative.'" (Citation omitted.)Id., 712; see also Paquette v. Hadley, 45 Conn. App. 577, 580-81
(1997).
Finally, both the supplementary report of two pages of Trooper Crumbie which was subscribed and sworn, and the testimony before the hearing officer by Trooper Crumbie, standing alone, are sufficient to meet the criteria of General Statutes § 14-227b(f). CT Page 13104
Thus, the plaintiff's argument, based upon a procedural deficiency in the A-44, must fail.
II. Probable Cause.
The plaintiff argues that Trooper Crumbie lacked probable cause to arrest the plaintiff for violating General Statutes § 14-227a based upon the plaintiff's claim that the field sobriety tests were incorrectly administered. The plaintiff's claims are based upon the plaintiff's testimony at the DMV hearing that the field sobriety tests were not explained or demonstrated to him prior to his performing and failing the same. The plaintiff points to the lack of reference to an explanation of the tests in the trooper's report. However, at the DMV hearing, Trooper Crumbie testified that he explained and demonstrated each field test to the plaintiff prior to the plaintiff's failing each test. (ROR, Item 2, Tr., pp. 45-50.)
Of course, the failure of field sobriety tests is a sufficient basis to justify an arrest for driving while intoxicated. State v. Lamme, 216 Conn. 172, 175-76 (1990).
In the present case, there is contradictory evidence in the record. However, the mere possibility of drawing two different conclusions from the evidence does not prevent an agency's determination from being supported by substantial evidence.Newtown v. Keeney, 234, Conn. 312, 320 (1995), quoting Samperiv. Inland Wetlands Agency, 226 Conn. 579, 587-88 (1993). The DMV hearing officer was under no obligation to accept the plaintiff's explanation of events over that of the testimony of Trooper Crumbie.
Even without the results of the field sobriety tests, there was substantial evidence from which a determination of probable cause could be made for the plaintiff's arrest before the hearing officer. The plaintiff's erratic operation of his motor vehicle, his swerving from lane to lane, the odor of alcohol from the vehicle and from the plaintiff, the plaintiff's slurred speech, the plaintiff's glassy eyes, the plaintiff's admission of drinking beer, at first two beers, and later four beers, and the plaintiff's losing his balance and having to be supported to be kept from falling down establish ample probable cause for his arrest. State v. Gaumond, 27 Conn. App. 461, 462-63 (1992). There is substantial evidence in the record to support the DMV hearing officer's finding of probable cause. CT Page 13105
Based on the foregoing, the plaintiff's administrative appeal is dismissed.
Michael Hartmere, J.