### ROBERT LITTLEFIELD *v.* COMMISSIONER OF CORRECTION

| Superior Court | Judicial District of New Haven | File No. CV 97-0395743 |
|---|---|---|

Memorandum filed December 9, 1998*

*The Biller Law Firm*, for the petitioner.

* Affirmed. *Littlefield* v. *Commissioner of Correction*, 59 Conn. App. 432, 757 A.2d 679 (2000).

*Kimberly Northrop Perrelli*, assistant state's attorney, for the respondent.

FRANK S. MEADOW, JUDGE TRIAL REFEREE. The petitioner, Robert Littlefield, seeks a new trial on the ground of ineffective assistance of counsel. The petitioner pleaded guilty on file no. CR 94-53505 to one count of arson in the first degree in violation of General Statutes § 53a-111 (a) (1), one count of reckless endangerment in the first degree in violation of General Statutes § 53a-63, and one count of risk of injury to a child in violation of General Statutes § 53-21. On a second file, no. CR 94-53404, on the same date, February 9, 1995, the petitioner pleaded guilty to one count of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (4), one count of risk of injury to a child in violation of § 53-21, and one count of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (A).

Pursuant to a plea bargain agreement on March 2, 1995, on an agreed recommendation, the petitioner was sentenced on the first file, CR 94-53505, for the charge of arson in the first degree, twenty-five years suspended after serving thirteen years of incarceration with five years probation; for reckless endangerment, one year of incarceration; for risk of injury to a child, one year of incarceration. On the second file, CR 94-53404, for the charge of sexual assault in the second degree, ten years suspended after three years with seven years probation with special conditions as outlined on the first file; for sexual assault in the fourth degree, one year incarceration; for risk of injury to a child, one year of incarceration. The sentences imposed were concurrent. The total effective sentence agreed upon was twenty-five years suspended after serving thirteen years with probation for a total of seven years. The conditions of probation were that "[the petitioner] cooperate with the probation office in any sex offender treatment or

counseling program they recommend for [him] and that [he] cooperate with that office in any psychological or psychiatric treatment or program they recommend for [him] and that [he] initiate no contact with the victim and or the victim's parents in this case."

The petitioner alleged that he entered his guilty plea because his attorney, William H. Paetzold, an assistant public defender, represented to him that he would have to serve only two and one-half years and that he would be eligible for a hardship transfer to his home state of Maine. The petitioner further asserts that his confession was coerced as to the arson charge because he was kept in a cold cell without adequate clothing or blankets and that he was subjected to additional abuse such that he was forced to sign a confession. In paragraph ten of his amended petition, the petitioner asserts that his confession was not given voluntarily and knowingly in that his mental state at that time did not meet the criteria of giving a knowingly and voluntary confession. Paragraph twelve asserts the claim for ineffective assistance of counsel in that his trial counsel, Paetzold, "did not move to suppress the confession based upon the petitioner's allegations of coercion." The petitioner argues essentially that he had ineffective assistance of counsel because Paetzold did not file a motion to suppress his confession, which led him to enter into a plea bargain.

The petitioner argues that he was prejudiced because he felt compelled to accept the plea bargain since he had given two confessions to the charges against him. He now claims that the confessions were coerced and, but for his trial counsel's failure to file a motion to suppress, he never would have entered into a plea bargain.

The petitioner at trial called Detective Don Skews of the Vernon police department, who took both the confessions. Skews testified that the petitioner came

to him as the juvenile officer at the Vernon police department and that he served as a detective as well. The petitioner discussed the problem of his masturbating with his girlfriend's son and the sexual assaults as related later in the petitioner's confession. At first, Skews did not have the petitioner under arrest but later obtained an arrest warrant. In the signed confession dated February 21, 1994, the petitioner admits to acts of masturbation with his girlfriend's child. The petitioner was given a rights form after he was taken into custody for the initial sexual assault crimes. On February 23, 1994, the petitioner came in for the second confession regarding the arson charge. He was given the same rights.

During the course of giving the confession, the petitioner received a call from Paetzold, who advised him not to say anything to the police and told him that he would see him at his arraignment in the morning. Skews was preparing the petitioner to be returned to his cell, but the petitioner said that he wanted to finish his statement and knew that it was against the advice of his attorney.

Paetzold testified that he was surprised the next day at the arraignment to learn from the state's attorney that the petitioner had given two confessions, one concerning the sexual assault and the other concerning the arson for which he was arraigned on the second warrant March 10, 1994. Paetzold denied that between February, 1994, and March, 1995, the petitioner had ever mentioned anything to him about being coerced. Paetzold testified that he received many letters from the petitioner, and he had always advised him to plead not guilty. The state made several plea bargain offers. The first offer being thirty-five years suspended after twenty with fifteen to twenty years probation. The petitioner wrote Paetzold a letter in which he indicated that he

wanted to accept the offer of the state because if he went to trial he would lose.

Ultimately, the petitioner pleaded guilty, was canvassed and accepted a plea bargain agreement that was unchallenged by the petitioner until now. Paetzold denied that he even discussed the time imposed by the sentence because he could not speculate since the amounts of time served were constantly being changed percentage wise. Paetzold testified that a challenge to the confessions could have been made up to fifteen days before pretrial, but the petitioner had already shown an interest in pleading out to avoid a trial and the uncertainty of a sentence. Paetzold advised the petitioner of what rights he was giving up. The petitioner never complained to Paetzold of treatment by police.

The petitioner was evaluated by Kenneth M. Selig, a psychiatrist, who declared the petitioner competent and concluded that he was competent to enter into his plea bargain. Selig's report indicated that the petitioner made his confession because his girlfriend told him that he should confess so that he could get psychiatric help.

Paetzold testified that he never heard that the petitioner was coerced to make the confession. Paetzold further testified there was evidence from other witnesses linking the petitioner to the arson at his apartment building. Paetzold even suspected a letter from the petitioner's girlfriend linking him to the arson.

From the evidence adduced at trial, the court concludes that Paetzold did not advise the petitioner that he would serve two to two and one-half years and be transferred to Maine. The petitioner was advised that his custody was in the hands of the department of correction. The respondent argues: "To prevail in a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must show both deficient

performance and prejudice. To establish deficient performance, a petitioner must show that any errors made by counsel were 'so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

"Moreover, if the petitioner proves deficient performance, he then must show that the deficiencies resulted in prejudice. In guilty plea cases, prejudice is established when the petitioner shows 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 80 L. Ed. 2d 203 (1985). 'In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial.' Id."

In this case, the petitioner showed interest in pleading guilty for the reasons he set forth in his letter of September 14, 1994.

The respondent further argues that " 'a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [*McMann* v. *Richardson*, 397 U.S. 759, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970)].' *Tollett* v. *Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973)."

The petitioner argues now that he pleaded guilty because of his two confessions that were coerced, which should have been suppressed, and that he never would have pleaded guilty. As pointed out in the decision, the more credible evidence is that his issue was not brought to the attention of counsel and that he had additional time before trial to make such motions. The petitioner now, in retrospect, claims ineffective assistance of counsel after a finding by Judge Klaczak that his plea was entered knowingly and voluntarily. The prosecutor in relating the factual basis for his charge of arson informed the court that the petitioner made a full confession.

In reviewing the claim of ineffective assistance of counsel, this court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under these circumstances, the challenged action might be considered sound trial strategy." (Internal quotation marks omitted.) *Levine* v. *Manson*, 195 Conn. 636, 640, 490 A.2d 82 (1995); see also *Chace* v. *Bronson*, 19 Conn. App. 674, 678, 564 A.2d 303, cert. denied, 213 Conn. 801, 567 A.2d 832 (1989). In assessing the petitioner's claim, this court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. [*Strickland* v. *Washington*, supra, 466 U.S. 689]." (Internal quotation marks omitted.) *Levine* v. *Manson*, supra, 640; see *Valeriano* v. *Bronson*, 209 Conn. 75, 87, 546 A.2d 1380 (1988); *Magnotti* v. *Meachum*, 22 Conn. App. 669, 674–75, 579 A.2d 553 (1990).

The court concludes that the petitioner in this case has not persuaded the court that the confessions were coerced, that the petitioner pleaded guilty because of any failure on the part of counsel to move to suppress

the confession or that the petitioner was misled by representations of counsel as to the amount of time or the place he would be required to serve his sentence. The petitioner has failed to overcome the presumption that counsel's conduct fell within the wide range of reasonable assistance.

Accordingly, the petition is denied.