# WALTER J. SCOTT *v.* JOSE SALINAS, COMMISSIONER OF MOTOR VEHICLES
## (AC 19124)

O'Connell, C. J., and Spear and Mihalakos, Js.[1]

Submitted on briefs January 26—officially released May 16, 2000

*Jeffrey D. Brownstein* and *Gregory A. Thompson* filed a brief for the appellant (plaintiff).

*Richard Blumenthal,* attorney general, and *Robert L. Marconi,* assistant attorney general, filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Walter J. Scott, appeals from the trial court's judgment dismissing his appeal from the decision of the defendant, Jose Salinas, the commissioner of motor vehicles (commissioner). The commissioner had suspended the plaintiff's motor vehicle operator's license for ninety days for operating a motor vehicle when his blood alcohol content was in excess of the statutory limit. The plaintiff claims that the trial court improperly admitted an unsigned report into evidence and that there was no probable cause for his arrest. We affirm the judgment of the trial court.

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

The facts necessary for a determination of this appeal are as follows. On June 24, 1998, a state police trooper observed a vehicle operating erratically in the right southbound lane of Interstate 91 in Hartford. He stopped the vehicle and upon approaching it, detected a strong odor of alcohol on the operator's breath. The operator, who proved to be the plaintiff, answered the trooper's questions in slurred speech and failed roadside sobriety tests. As a result, the trooper arrested him on a charge of operating a motor vehicle while under the influence of alcohol in violation of General Statutes § 14-227a[2] and transported him to the state police barracks, where he was advised of his *Miranda*[3] rights and given the opportunity to telephone an attorney. The plaintiff was given one breath test at 10:26 p.m., which showed a 0.218 percent blood alcohol content and a second breath test at 11:08 p.m., which showed a 0.205 percent blood alcohol content.

The commissioner sent a notice to the plaintiff advising him that due to the results of the blood alcohol tests his license to operate a motor vehicle would be suspended for ninety days. The notice offered the plaintiff an opportunity, pursuant to General Statutes (Rev. to 1997) § 14-227b (d), now (e), to attend a hearing to contest the suspension prior to its going into effect.[4] The plaintiff requested and received an administrative hearing and attended it with counsel. Following the hearing before a duly appointed hearing officer, the commissioner rendered his decision suspending the plaintiff's operator's license for ninety days. The plain-

[2] General Statutes § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. . . ."

[3] *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[4] General Statutes (Rev. to 1997) § 14-227b (d), now (e), provides: "Any person whose license . . . has been suspended in accordance with this subsection shall automatically be entitled to a hearing before the commissioner to be held prior to the effective date of the suspension. . . ."

tiff appealed to the Superior Court, which dismissed the appeal.

Our examination of the record and briefs of the parties persuades us that the judgment of the trial court should be affirmed. The issues regarding the underlying factual disputes were resolved properly in the trial court's thoughtful and comprehensive memorandum of decision. *Scott* v. *Salinas*, 46 Conn. Sup. 337, 750 A.2d 513 (1998). Because the memorandum of decision fully addresses the dispositive issues raised in this appeal, we adopt it as a proper statement of the facts and the applicable law on that issue. It would serve no useful purpose for us to repeat the discussion contained therein. See *Greg C.'s Appeal from Probate*, 56 Conn. App. 439, 440, 744 A.2d 914, cert. denied, 253 Conn. 901, 753 A.2d 936 (1999).

The judgment is affirmed.