## JAMES DIGGS *v*. COMMISSIONER OF CORRECTION (AC 19465)

O'Connell, C. J., and Landau and Daly, Js.[1]

Argued January 27—officially released May 23, 2000

*Vicki H. Hutchinson*, special public defender, for the appellant (petitioner).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, was *Jonathan C.*

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Benedict*, state's attorney, for the appellee (respondent).

PER CURIAM. The petitioner, James Diggs, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. The sole issue raised on appeal is that "[t]he habeas court erred when it denied the petition for writ of habeas corpus." Following a review of the record and briefs and after hearing the parties at oral argument, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right. Accordingly, we affirm the judgment of the habeas court.

The record discloses that the petitioner was convicted of murder in violation of General Statutes § 53a-54a (a) on November 9, 1989. The conviction was affirmed in *State* v. *Diggs*, 219 Conn. 295, 592 A.2d 949 (1991). The petitioner then filed the present petition for a writ of habeas corpus.

The habeas court's dismissal of the petitioner's petition was predicated on a factual review of the petitioner's claim. "This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude." (Citation omitted; internal quotation marks omitted.) *State* v. *McClam*, 44 Conn. App. 198, 208, 689 A.2d 475, cert. denied, 240 Conn. 912, 690 A.2d 400 (1997).

In a thoughtful and comprehensive memorandum of decision, the habeas court analyzed the petitioner's claims and the law applicable thereto. *Diggs* v. *Commissioner of Correction*, 46 Conn. Sup. 344, 750 A.2d 1161 (1999). Because the habeas court's memorandum

of decision fully addresses the sole issue raised in this appeal, we adopt it as a proper statement of the facts and the applicable law. It would serve no useful purpose for us to repeat the discussion contained therein. See *Scott* v. *Salinas*, 57 Conn. App. 649, 749 A.2d 1228 (2000). We conclude that the habeas court had before it sufficient evidence to find as it did.

The judgment is affirmed.