## ROBERT LITTLEFIELD v. COMMISSIONER OF CORRECTION
### (AC 19215)

O'Connell, C. J., and Hennessy and Zarella, Js.[1]

Argued February 22—officially released August 22, 2000

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

*David B. Rozwaski,* for the appellant (petitioner).

*James E. Ralls,* assistant state's attorney, with whom, on the brief, were *John Bailey,* chief state's attorney, and *Kimberley Perrelli,* assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Robert Littlefield, appeals from the habeas court's denial of his amended petition for a writ of habeas corpus. Following a review of the record and briefs and after hearing the parties at oral argument, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right. Accordingly, we affirm the judgment of the habeas court.

On February 9, 1995, the petitioner pleaded guilty to six charges in two files.[2] He was sentenced to a total effective sentence of twenty-five years, suspended after thirteen years, with seven years probation. In 1998, the petitioner filed an amended petition for a writ of habeas corpus, alleging that he had been denied effective assistance of trial counsel. Specifically, the petitioner alleged that trial counsel failed to advise him adequately regarding his decision to plead guilty and failed to move to suppress his confessions based on the petitioner's allegations of coercion. Following trial, the habeas court denied the petition.

[2] In file CR94-53505, the petitioner pleaded guilty to arson in the first degree in violation of General Statutes § 53a-111 (a) (1), reckless endangerment in the first degree in violation of General Statutes § 53a-63, and risk of injury to a child in violation of General Statutes § 53-21.

In file CR94-53404, the petitioner pleaded guilty to sexual assault in the second degree in violation of General Statutes § 53a-71, sexual assault in the fourth degree in violation of General Statutes § 53a-73a and risk of injury to a child in violation of § 53-21.

The habeas court's denial of the petitioner's petition was predicated on a factual review of the petitioner's claim. "This court does not retry the case or evaluate the credibility of witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of witnesses based on its firsthand observation of their conduct, demeanor and attitude." (Citation omitted; internal quotation marks omitted.) *State* v. *McClam*, 44 Conn. App. 198, 208, 689 A.2d 475, cert. denied, 240 Conn. 912, 690 A.2d 400 (1997).

In a thoughtful and comprehensive memorandum of decision, the habeas court analyzed the petitioner's claim and the law applicable thereto. *Littlefield* v. *Commissioner of Correction*, 46 Conn. Sup. 495, 757 A.2d 1272 (1998). Because the habeas court's memorandum of decision fully addresses the issues raised in this appeal, we adopt it as a proper statement of the facts and the applicable law. It would serve no useful purpose for us to repeat the discussion contained therein. See *Diggs* v. *Commissioner of Correction*, 57 Conn. App. 734, 736, 750 A.2d 1151 (2000). We conclude that the habeas court had before it sufficient evidence to find as it did.

The judgment is affirmed.