[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the plaintiff from a decision of the defendant Commissioner of Motor Vehicles suspending plaintiffs license for a period of ninety days by reason of his failing a chemical alcohol test pursuant to Connecticut General Statutes § 14-227b.
The facts are as follows. On March 10, 2000 at about 10:43 p.m. Officer Eric C. Trotter, patrolling Norwich Road in Plainfield, Connecticut, observed a Chevrolet Blazer operated by the plaintiff weaving back and forth across the yellow line. The officer stopped the plaintiff who was identified through his valid Connecticut operator's license. The officer observed a strong odor of alcoholic type beverage from the plaintiffs breath and asked the plaintiff if he had been drinking, to which the plaintiff responded "two or three". The officer noticed the plaintiffs speech was slightly slurred and that his eyes were bloodshot. He submitted the plaintiff to a series of field sobriety tests all of which were explained or demonstrated prior to the plaintiffs performance. The plaintiff failed the horizontal gaze nystagmus test, passed the walk and turn test, passed the one-leg standing test, and failed the alphabet recital test. He was placed under arrest and transported to the Plainfield police headquarters where he was read his Miranda rights and implied consent advisory. The plaintiff was booked at the police station at 2306 hours (9:06 p.m.). The first breathalyzer test was given at 2317 hours (9:17 p.m.) with a reading of .148. The second test was given at 2351 hours (9:51 p.m.) and showed a reading of .146. The plaintiff was issued a summons for operating under the influence and failure to drive right.
The plaintiff was given a suspension notice on March 17, 2000. A hearing was held before a hearing officer of the motor vehicle department on April 5, 2000 in which the hearing officer made the following findings of fact and conclusions of law: (1) the police officer had probable cause to arrest the plaintiff; (2) the plaintiff was placed under arrest; (3) the operator submitted to a test or analysis and the results indicated a BAC of .10 or more; (4) the plaintiff was operating the motor vehicle. The hearing officer suspended the plaintiffs Connecticut license for CT Page 12862 ninety days.
The plaintiff appeals that decision on the following grounds: (1) there was insufficient evidence to support the finding the police officer had probable cause for the arrest; (2) the breath test should not have been admitted because it was not taken consistent with regulations issued by the commissioner of public health; (3) the police officer's narrative of the arrest should not have been admitted into evidence. Each of these grounds is without merit.
The standard of review this court must apply is "to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic facts and whether the conclusions drawn from those facts are reasonable . . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact . . . . Our ultimate duty is to determine, in view of all the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion." (Citations omitted; internal quotations marks omitted). Dolgner v. Alander,237 Conn. 272, 280 (1996).
As indicated above, the first ground of appeal is that the record does not disclose substantial evidence to support a finding of probable cause to arrest the plaintiff. Probable cause means "such facts as would reasonably persuade an impartial and reasonable mind not merely to suspect or conjecture, but to believe that criminal activity has occurred . . . . Reasonable minds may disagree as to whether a particular [set of facts] establishes probable cause." State v. Diaz, 226 Conn. 514, 541
(1993). In Murphy v. Commissioner of Motor Vehicles, 254 Conn. 333, 345
(2000) the Supreme Court stated the rule that "our case law clearly establishes that sufficient evidence justifying the commissioner's determination of probable cause may be found where the "totality of circumstances existing at the time of the plaintiffs arrest support[s] [such a finding] . . .'"
In this case, the officer approaching the plaintiffs vehicle detected a strong odor of alcoholic type beverage from the plaintiffs breath . . . The plaintiff admitted to having "two or three" drinks. The officer noticed that the plaintiffs speech was slightly slurred and his eyes were bloodshot. The officer gave the plaintiff four sobriety tests. He passed the walk and turn and the one leg stand tests but failed the horizontal gaze nystagmus and the recite the alphabet tests. In State v. Gaumond,27 Conn. App. 461 (1992) the Appellate Court upheld the trial court's finding of probable cause for an arrest based on facts similar to those in this case. In Gaumond the Appellate Court noted that the arresting CT Page 12863 officer had observed the defendant drive in the wrong lane, smelled alcohol on defendant's breath and the defendant admitted that he had had a few drinks. The Appellate Court determined those facts supported the officer's conclusion that probable cause to arrest the defendant for operating a vehicle while under the influence of liquor existed, without regard to the gaze nystagmus test.
Based on the totality of circumstances in this case, this court finds that evidence exists in the record to support the hearing officer's finding of probable cause to arrest the plaintiff.
As his second ground for appeal, the plaintiff asserts that the first breathalyzer test should not have been admitted into evidence or considered by the hearing officer because it was not taken pursuant to regulations adopted by the commissioner of public health. Section14-227a(e) provides that the commissioner of public health shall adopt regulations governing the conduct of chemical tests and the operation and use of chemical test devices. Pursuant to that authority, the department of public health adopted Connecticut Regulation § 14-227a-10(c)(1)(A) which states:
"(c) Methods for conducting breath analysis tests. Any operator who conducts a breath analysis test shall utilize the following procedures:
(1) sample collection
(A) the expired breath sample shall be air which is alveolar in composition. The breath sample shall be collected only after the subject has been under continuous observation for at least 15 minutes prior to the collection of each sample."
The plaintiff contends that the report shows that plaintiff was brought to the police department at 9:06 p.m. and the test was given at exactly 9:17 p.m., only eleven minutes after his arrival at the police department. This, plaintiff argues, violated the fifteen minute rule of the above regulation. Plaintiff further contends the police officer could not have kept the plaintiff under continuous operation from the time of the arrest because the plaintiff was in the back seat of the police car in the ride to the police station.
The defendant contends that the regulation is directory rather than mandatory. The distinction the courts make is whether "the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience . . . If it is a matter of substance the statutory provision is mandatory. If, however, the legislative provision is designed to CT Page 12864 secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words." Jones v. MansfieldTraining School, 220 Conn. 721, 727 (1992). Furthermore, if there is no language that expressly invalidates any action taken after non-compliance with the statutory provisions, the statute should be construed as directory. Katz v. Commissioner of Revenue Services. 234 Conn. 614, 617
(1995).
Clearly the purpose of the regulation is to assure the plaintiff a fair test. To reach that goal, police observation is required in order to prevent the plaintiff from eating, smoking, or taking any medication which could distort the accuracy of the breathalyzer test. The fifteen minute provision is merely directory in that it is designed to secure order and regularity to the system. Pontiac Catalog, Inc. v. Hadley, 239 Conn. 437,446 (1996).
However, the court need not rest its decision on that determination. The record reveals that a second breath test was given to the plaintiff while at the police station at 9:51 p.m. It revealed a blood alcohol content of .146. It was taken more than fifteen minutes after his arrival at the police station. That test clearly complied with the above regulation. Its result clearly indicates a violation of the law.
The third ground for the appeal is that the commissioner improperly admitted into evidence the police officer's report and narrative. The plaintiff relies upon the Department of Motor Vehicle Regulation §14-227b-19 (a) which provides: "The written report filed by the arresting officer shall be admissible into evidence at the hearing if it conforms to the requirements of subsection (c) of § 14-227b of the General Statutes." Connecticut General Statutes § 14-227b(c) provides:
 Police officer shall prepare a written report of the incident, shall mail the report together with a copy of the completed temporary license form for any operator's license taken into possession and a copy of the results of any chemical test or analysis to the department of motor vehicles within three business days. The report shall be made on a form approved by the commissioner of motor vehicles and shall be subscribed and sworn to under penalty of false statement as provided in § 53a-157b by the arresting officer.
The plaintiff contends that, while form A-44 has been approved by the department of motor vehicles, the attachments to it supplied by the CT Page 12865 officer had not.
The first answer to plaintiffs contention is that the officer's narrative was objected to at the hearing by the plaintiff on the ground of hearsay, but not on the ground that it was not in a form approved by the department. The rule is that legal issues not presented to the hearing officer should not be considered by this court. Burnham v.Administrator, 184 Conn. 317, 322-323 (1981).
Moreover, the A-44 report was properly submitted into evidence and it provides all the information upon which a finding of probable cause can be based. It indicates that the plaintiff was observed driving erratically, with an odor of alcoholic beverages on his breath, and failed two of the field sobriety tests. It also contained the times and the results of the breath tests.
Based on the foregoing, the appeal is dismissed.
 Robert Satter Judge Trial Referee