THEODORE PAQUETTE *v.* NANCY L. HADLEY,
COMMISSIONER OF MOTOR VEHICLES
(AC 16094)

Foti, Schaller and Spear, Js.

Argued April 28—officially released July 1, 1997

*John J. Carta, Jr.,* for the appellant (plaintiff).

*Priscilla J. Green,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (defendant).

*Opinion*

FOTI, J. The plaintiff appeals from the judgment of the trial court affirming the decision of the commissioner of motor vehicles (commissioner) to suspend his license pursuant to General Statutes § 14-227b[1] and dismissing his administrative appeal. The plaintiff claims that the trial court improperly determined that (1) the police report was properly admitted into evidence, (2) sufficient evidence was presented to support the finding that probable cause existed to arrest the plaintiff, and (3) sufficient evidence was presented to support the finding that the plaintiff refused to submit to a blood alcohol test. We affirm the judgment of the trial court.

The following facts are necessary for a proper resolution of this appeal. On July 8, 1995, at approximately 10 p.m., the plaintiff was involved in a motor vehicle accident in Groton. The plaintiff, who had been operating the vehicle, exchanged seats with a woman passenger before the arresting police officer arrived.[2]

[1] The plaintiff's license was suspended for a period of two years pursuant to General Statutes § 14-227b (h) due to his refusal to submit to a chemical alcohol test following his arrest for operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a.

[2] The passenger, Maria Paquette, was the registered owner of the vehicle. Although the police officer did not personally observe the accident or the plaintiff operating the vehicle, two witnesses informed him that the plaintiff was operating the vehicle at the time of the accident. The plaintiff later admitted to the officer that he was operating the vehicle.

The officer observed that the plaintiff's speech was slurred and that he had an odor of alcohol on his breath. The officer conducted a number of field sobriety tests that the plaintiff either failed or refused to perform.[3] The plaintiff was arrested at the scene and transported to police headquarters. He was afforded an opportunity to contact an attorney. He was also advised of the mandatory alcohol testing requirements of the implied consent law.[4] The officer completed a police report, including an A-44 report form,[5] indicating that the plaintiff refused to be tested for his blood alcohol content.

The plaintiff requested an administrative hearing. After the hearing, the hearing officer determined affirmatively, pursuant to § 14-227b (f),[6] that the police officer had probable cause to arrest the plaintiff for operating a motor vehicle while under the influence of intoxicating liquor, that the plaintiff was placed under arrest, that the plaintiff was operating the vehicle and that the plaintiff refused to submit to a test of the alcohol content of his blood. The plaintiff's operator's license was suspended for two years.

---

[3] The plaintiff was unable to perform successfully the horizontal gaze nystagmus, the walk-turn and the finger to nose tests. He refused to perform the one-leg stand test.

[4] General Statutes § 14-227b (a) provides in relevant part: "Any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine . . . ."

[5] The A-44 report form is a form approved by the department of motor vehicles for processing individuals arrested for driving while under the influence of intoxicating liquor.

[6] General Statutes § 14-227b (f) provides in relevant part: "The hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that the ratio of alcohol in the blood of such person was ten-hundredths of one per

The plaintiff appealed the decision to the Superior Court pursuant to General Statutes § 4-183. After considering the plaintiff's claims, essentially the same three claims raised in this appeal, the trial court dismissed the appeal. This appeal followed.

I

The plaintiff first claims that the police report, prepared and filed by the arresting officer, should not have been admitted into evidence because it relied on hearsay. He specifically argues that because the arresting officer did not personally observe the accident or the plaintiff operating the vehicle, and relied on the statements of two eyewitness bystanders, his A-44 report form and the narrative supplement to it, which included an admission by the plaintiff that he was operating the motor vehicle at the time of the accident, should not have been admitted as evidence. We disagree.

"The plaintiff bears the burden of demonstrating that a hearing officer's evidentiary ruling is arbitrary, illegal or an abuse of discretion. *Connecticut Natural Gas Corporation* v. *Public Utilities Control Authority*, 183 Conn. 128, 139, 439 A.2d 282 (1981)." *O'Sullivan* v. *DelPonte*, 27 Conn. App. 377, 382, 606 A.2d 43 (1992). The plaintiff has failed to sustain his burden.

The provisions of General Statutes § 14-227b (c)[7] and § 14-227b-19[8] of the Regulations of Connecticut State Agencies permit the admission of the police report on

---

cent or more of alcohol, by weight; and (4) was such person operating the motor vehicle. . . ."

[7] General Statutes § 14-227b (c) provides in relevant part: "The police officer shall prepare a written report of the incident . . . on a form approved by the Commissioner of Motor Vehicles and shall be subscribed and sworn to under penalty or false statement . . . by the arresting officer. . . ."

[8] Section 14-227b-19 of the Regulations of Connecticut State Agencies provides that the written report filed by the arresting officer shall be admissible into evidence at the hearing if it conforms to the requirements of General Statutes § 14-227b (c).

a form approved by the defendant, as the A-44 form has been, together with additional sheets or materials necessary to explain the report, which are considered part of the report.

Moreover, we have previously determined that a police report containing the hearsay statements of witnesses may be properly admitted at such an administrative hearing without requiring the witnesses' presence at the hearing. See *O'Sullivan* v. *DelPonte*, supra, 27 Conn. App. 381. While police reports are normally admissible under the business records exception to the hearsay rule, statements of witnesses repeated in the report do not fall within this exception. *Hutchinson* v. *Plante*, 175 Conn. 1, 4–5, 392 A.2d 488 (1978). The plaintiff's statement, however, contained in that report is admissible as an admission. See *Swenson* v. *Sawoska*, 215 Conn. 148, 151, 575 A.2d 206 (1990). Furthermore, hearsay evidence itself is not prohibited in administrative proceedings by the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq., which permits the introduction of oral or documentary evidence.[9] *Tomlin* v. *Personnel Appeal Board*, 177 Conn. 344, 348, 416 A.2d 1205 (1979). We, therefore, conclude that the introduction of the police report into evidence was not improper.

## II

The plaintiff next claims that the evidence was insufficient to support the finding that probable cause existed to arrest him. We do not agree.

---

[9] We recognize, however, that "[i]f hearsay evidence is insufficiently trustworthy to be considered 'substantial evidence' and it is the only evidence probative of the plaintiff's culpability, its use to support the agency decision would be prejudicial to the plaintiff, absent a showing . . . that the appellant knew it would be used and failed to ask the commissioner to subpoena the declarants." *Carlson* v. *Kozlowski*, 172 Conn. 263, 267, 374 A.2d 207 (1977). In the present case, the police officer included in his report of the incident the statements of eyewitnesses. The plaintiff knew the report existed and was highly likely to be introduced at the hearing. He, neverthe-

"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . The determination of whether substantial evidence exists is subject to de novo review by this court. . . . Substantial evidence exists if the administrative record demonstrates a substantial basis of fact from which the fact in issue can be reasonably inferred." (Citations omitted; internal quotation marks omitted.) *Labenski* v. *Goldberg*, 33 Conn. App. 727, 732–33, 638 A.2d 614 (1994). If the commissioner's determination to suspend the plaintiff's license is supported by substantial evidence in the record, that determination must be sustained. *O'Rourke* v. *Commissioner of Motor Vehicles*, 33 Conn. App. 501, 507, 636 A.2d 409, cert. denied, 229 Conn. 909, 642 A.2d 1205 (1994).

The arresting officer, on the basis of current information from an eyewitness bystander that a motor vehicle had been involved in an accident and that the driver was attempting to evade responsibility, detained the plaintiff's vehicle, which had fresh damage to the left rear bumper. The officer asked the plaintiff, who was identified by two witnesses as the driver and who eventually admitted to being the operator, to exit the automobile. On the bases of the information supplied and his own observation of the plaintiff, including the plaintiff's performance of a field sobriety test, the officer arrested him for operating a motor vehicle while under the influence of intoxicating liquor. See *Clark* v. *Muzio*, 14 Conn. App. 212, 213, 540 A.2d 1063, cert. denied, 208 Conn. 809, 545 A.2d 1105 (1988). "Probable cause exists when the facts and circumstances within the knowledge of

less, failed to subpoena the witnesses to impeach the report. The plaintiff has not sustained his burden of showing that the hearing officer's evidentiary ruling was improper. See *O'Sullivan* v. *DelPonte*, supra, 27 Conn. App. 384.

the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that [an offense] had been committed." (Internal quotation marks omitted.) *State* v. *Torres*, 182 Conn. 176, 189, 438 A.2d 46 (1980). We conclude, on the basis of the facts presented, that probable cause existed for the arrest of the plaintiff.

## III

The plaintiff argues that the evidence was insufficient to support a determination that he refused to submit to the blood alcohol test. He argues that, although the A-44 report form contained a statement that he refused to submit to such a test, along with the name and signature of a witness to the refusal, there is no "factual explanation, description or basis for that conclusion" and the hearing officer could not make that a separate finding of fact. We do not agree.

The record before the hearing officer supports the determination that the police officer fully explained the testing procedure to the plaintiff and the consequences of a refusal to take the test, and that the plaintiff refused to take the test. The trial court noted "that there was no other evidence for the hearing officer to consider in this case. In particular, there was no evidence to contradict any of the evidence that was contained in the police report." The evidence presented, therefore, would clearly support a finding that the plaintiff failed to take the test because he refused to do so. Any claim that the plaintiff failed to take the test because he was incapable is not supported by the record.

The judgment is affirmed.

In this opinion the other judges concurred.