[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Defendant Commissioner of the State of Connecticut Department of Motor Vehicles (DMV), by decision dated August 1, 1997, suspended the Plaintiff's motor vehicle operator's license for a period of one year. The Plaintiff is aggrieved by such decision and brings this appeal CT Page 10281 pursuant to General Statutes § 4-183.
The Plaintiff was arrested on June 18, 1997 for operating a motor vehicle while under the influence of alcohol § 14-227a and failure to drive right § 14-230. The Plaintiff was observed operating a motor vehicle on a public road in Southington, Connecticut, by Southington Police Officer Penta. Plaintiff drifted across a double solid line on two occasions. Officer Penta determined to stop Plaintiff, based on such erratic operation, and waited for a safe place to pull Plaintiff over. Plaintiff pulled into a convenience store parking lot, before the officer could stop him. Plaintiff staggered out of his vehicle and informed Officer Penta that he was walking because he did not want another DUI.
Officer Penta noticed a strong odor of alcohol on Plaintiff's breath and person. Plaintiff's eyes were red and glossy, his speech was slow and slurred. He admitted he had been drinking.
Plaintiff consented to field sobriety testing. In performing a Horizontal Gaze Nystagmus test Plaintiff demonstrated a lack of smooth eye pursuit. Plaintiff lost his balance while standing. Plaintiff was unable to walk heel and toe on a straight line, and had a problem turning. Plaintiff had difficulty standing on either leg.
Plaintiff was placed under arrest by Officer Penta. Plaintiff refused to take a blood alcohol test when asked to do so by Officer Penta and when separately asked by Officer Basti of the Southington Police Department. The refusals were witnessed by both officers.
Plaintiff on appeal challenges (1) the basis for the officer's stop of Plaintiff, (2) probable cause for the arrest, and (3) that the A-44 was inadmissible.
The officer observed the Plaintiff operating a motor vehicle erratically and in violation of General Statutes § 14-230. He thus had a reasonable and articulable suspicion to stop Plaintiff. The officer did not loss that right to stop Plaintiff because he chose to follow Plaintiff until they arrived at a location where a stop could be safely effectuated. See State v. Lamme, 216 Conn. 172, 184
CT Page 10282 (1990).
Probable cause clearly existed based on the officer's observations noted above and his report which was admitted into evidence. Plaintiff challenges probable cause on the basis of his introduction of evidence that the field sobriety tests are not scientific tests. Whether or not they were scientific tests, the officer's observations of Plaintiff's physical responses could be considered in evaluating probable cause. The officer's observations prior to the administration of field sobriety test are sufficient to establish probable cause that Plaintiff had operated under the influence of alcohol.
Plaintiff challenges the admission of the A-44 report on the basis that the witnessing officer (Basti) had actually asked the Plaintiff to take a test rather than witnessing Plaintiff's refusal to take a test requested by Officer Penta. Both officers testified at the hearing that they not only individually asked Plaintiff to take a test, but also witnessed his refusal to take a test when asked by the other officer. The A-44 was clearly admissible. See §§ 14-227b(c) and 14-227b-19 of Regulations of Connecticut State Agencies. Paquette v. Hadley, 45 Conn. App. 577, 580
(1977)
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations and internal quotation marks.) Dolgner v.Alander, 237 Conn. 272, 280 (1996).
"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183 (j)(5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and CT Page 10283 to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action." (Citations and internal quotation marks omitted; footnote omitted.) Dolgner v.Alander, 237 Conn. 281. Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations and internal quotation marks omitted.) Id.
Plaintiff's appeal is dismissed.
Robert F. McWeeny, J.