[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff appeals the decision of the defendant CT Page 11038 Commissioner of the Department of Motor Vehicles (DMV) suspending his motor vehicle operator's license for six months. The DMV acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after having been arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to the Uniform Administrative Procedure Act (UAPA) § 4-166 et seq., § 4-183. The court finds the issues in favor of the defendant.
The evidence at the hearing before the DMV hearing officer consisted of the A-44[1] form, with attached report, and the plaintiff's testimony.
The A-44 establishes that on July 6, 1997, at 0035 hours, the plaintiff was observed by a Connecticut State Trooper operating on a public highway (I-95) at an excessive rate of speed (74 mph in a 55 mph zone), straddling the lane divider line and swerving his vehicle. The trooper stopped the plaintiff's vehicle. The trooper, noted as to the plaintiff: a "strong odor of alcoholic beverage"; glassy, bloodshot eyes; and slurred speech. The plaintiff also fumbled his wallet when obtaining his license. The plaintiff poorly performed an alphabet test as well as three field sobriety tests. The plaintiff admitted consuming four beers. The accused was operating the vehicle and arrested for operating under the influence in violation of § 14-227a and speeding. The plaintiff refused to submit to a breath test of the alcohol content of his blood.
On July 30, 1997, following the hearing, a decision was issued suspending the plaintiff's license for ninety days on the mistaken basis of a test result in excess of .10. A revised decision was released on August 7, 1997, issuing a six month suspension for the refusal to submit to a test of the alcohol content of his blood.
In this type of an administrative appeal, the plaintiff bears the burden of proving that the DMV decision to suspend a motor vehicle operator's license was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.Schallenkamp v. DelPonte, 229 Conn. 31, 39 (1994); see alsoLawrence v. Kozlowski, 171 Conn. 705, 713-14 (1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977). "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the CT Page 11039 administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . The evidence must be substantial enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. . . . [I]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." (Citations omitted; internal quotation marks omitted.) Bialowas v. Commissioner ofMotor Vehicles, 44 Conn. App. 702, 709 (1997).
The plaintiff in his brief questions the admissibility of the A-44 on hearsay grounds. The admissibility of the entire A-44 and attachments has been expressly upheld in Paquette v. Hadley,45 Conn. App. 577, 581 (1997).
The hearing officer was free to disregard the plaintiff's testimony and accept the evidence in the police report. "In reviewing an administrative determination, we must take into account that there is contradictory evidence in the record . . . but the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. . . ." (Brackets omitted; citations omitted; internal quotation marks omitted.)Schallenkamp v. DelPonte, supra, 229 Conn. 41.
The plaintiff's final argument alleges a violation of a §14-227b(a) requirement of a decision within thirty days of the arrest. The July 30, 1997 decision, though revised on August 7, 1997, constitutes a decision within thirty days of the July 6, 1997 arrest.
The decision is affirmed and the appeal is dismissed.
Robert F. McWeeny, J.