******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ANTHONY J. MARSHALL III *v.* COMMISSIONER
OF MOTOR VEHICLES
(AC 44191)

Prescott, Alexander and DiPentima, Js.

*Syllabus*

The plaintiff, who had been arrested for operating a motor vehicle while
under the influence of intoxicating liquor in violation of statute (§ 14-
227a), appealed to the trial court from the decision of the defendant,
the Commissioner of Motor Vehicles, suspending the plaintiff's motor
vehicle operator's license for forty-five days and requiring the installation
of ignition interlock devices on his motor vehicles pursuant to statute
(§ 14-227b). At the administrative hearing, no testimony was presented,
but the Department of Motor Vehicles offered into evidence as an exhibit
a standard A-44 form that was completed by the arresting officer, H,
together with H's narrative report and the results of the breath analysis
tests he administered to the plaintiff. The plaintiff objected to the admis-
sion of the exhibit on the ground that it had not been mailed to the
department within three business days as required by § 14-227b (c). The
hearing officer admitted the exhibit into evidence, and the plaintiff
appealed to the trial court, challenging the hearing officer's admission
of the exhibit and contending that the A-44 form and the narrative police
report were not completed until five days after his arrest and were not
received by the department until nine days after his arrest. The trial
court rendered judgment dismissing the appeal, holding that the failure
to satisfy the three day mailing requirement did not undermine the
reliability and trustworthiness of the information reported in the exhibit,
as the A-44 form and its attachments were signed by H, thus, the exhibit
properly was admitted into evidence. On the plaintiff's appeal to this
court, *held* that the trial court properly found that the hearing officer
did not abuse her discretion in admitting the A-44 form and its attach-
ments into evidence: although § 14-227b (c) provides that the arresting
police officer "shall mail" a report of the incident and a copy of the
chemical test results within three business days, the statute does not
expressly invalidate the report or test results upon noncompliance with
the three day requirement, and the purpose of the statutory provision
is to provide sufficient indicia of reliability so that the police report
can be introduced into evidence at a license suspension hearing as an
exception to the hearsay rule, thus, the time requirement for mailing
the report and test results is a matter of convenience rather than sub-
stance and is therefore directory rather than mandatory; moreover, as
H completed and signed both the A-44 form and the narrative police
report under oath and signed the plaintiff's breath analysis test results,
and the A-44 form and its attachments set forth the grounds for H's
belief that there was probable cause to arrest the plaintiff and stated
that the plaintiff had submitted to breath analysis tests, the A-44 form
and its attachments provided a sufficient indicia of reliability to be
admitted into evidence without H's testimony.

(*One judge dissenting*)

Submitted on briefs September 9, 2021—officially released January 18, 2022

*Procedural History*

Appeal from the decision of the defendant suspending
the plaintiff's motor vehicle operator's license and
requiring the installation of an ignition interlock device
on the plaintiff's vehicles, brought to the Superior Court
in the judicial district of New London and transferred
to the judicial district of New Britain, where the matter
was tried to the court, *Cordani, J.*; judgment dismissing
the appeal, from which the plaintiff appealed to this
court. *Affirmed.*

*Cody A. Layton*, filed a brief for the appellant (plaintiff).

*Drew S. Graham*, assistant attorney general, with whom were *William Tong*, attorney general, and *Clare E. Kindall*, solicitor general, filed a brief for the appellee (defendant).

*Opinion*

DiPENTIMA, J. The plaintiff, Anthony J. Marshall III, appeals from the judgment of the Superior Court rendered in favor of the defendant, the Commissioner of Motor Vehicles (commissioner), dismissing his appeal from the decision of the commissioner to suspend his motor vehicle operator's license, pursuant to General Statutes § 14-227b, for forty-five days and requiring an ignition interlock device in his motor vehicles for six months. On appeal, the plaintiff claims that the court improperly determined that the hearing officer did not abuse her discretion in admitting into evidence a report, which consisted of an A-44 form,[1] a narrative police report and the results of the plaintiff's breath analysis tests, that did not comply with the three day mailing requirement in § 14-227b (c).[2] We affirm the judgment of the Superior Court.

The following facts, as found by the court in its memorandum of decision regarding the suspension of the plaintiff's license, and procedural history are relevant. On July 14, 2019, at approximately 5:31 p.m., after hearing an announcement over the police radio that a particular vehicle with a specified Connecticut registration allegedly had been involved in a "hit and run" accident in Westerly, Rhode Island, Officer Jeffrey Hewes of the Stonington Police Department observed and stopped the specified vehicle. On approaching the vehicle, Hewes identified the plaintiff as the operator and noticed that his eyes were glassy and bloodshot, his speech was slow and there was the smell of alcohol on his breath. Hewes administered the standardized field sobriety tests, which the plaintiff failed. The plaintiff was then arrested and transported to police headquarters where he consented to taking breath alcohol tests. The first test, which was administered at 6:48 p.m., yielded a result of 0.1936 percent blood alcohol content, and the second test, which was administered at 7:07 p.m., yielded a result of 0.1860 percent blood alcohol. The plaintiff was charged with driving under the influence of intoxicating liquor in violation of General Statutes § 14-227a.

On July 24, 2019, the plaintiff was issued a notice informing him of the suspension of his operator's license pursuant to § 14-227b. An administrative hearing was held before the commissioner's hearing officer on August 9, 2019, to determine whether the plaintiff's operator's license should be suspended pursuant to § 14-227b. At the hearing, the plaintiff's counsel objected to the admissibility of the A-44 form and its attachments because it had not been mailed to the Department of Motor Vehicles (department) within three business days as required by § 14-227b (c). The hearing officer overruled the objection and admitted into evidence the packet containing the A-44 form and its attachments as state's exhibit A. It was the only

evidence submitted at the hearing. The A-44 form is stamped "Department of Motor Vehicles . . . 2019 Jul 23 AM 10:23," and both the narrative police report and the A-44 form are signed under oath by Hewes and dated July 19, 2019. The document containing the breath analysis tests results is dated July 14, 2019, and is also signed by Hewes. The hearing officer found that the plaintiff was operating a motor vehicle, was arrested and submitted to breath alcohol tests, the results of which indicated a blood alcohol content of 0.08 percent or more, and that there was probable cause to arrest the plaintiff. The hearing officer suspended the plaintiff's operator's license for forty-five days and required the installation of an ignition interlock device for six months.

On August 28, 2019, the plaintiff appealed the decision of the hearing officer to the Superior Court. In his brief filed in the Superior Court, the plaintiff argued that the hearing officer acted contrary to the law when she admitted the A-44 form and its attachments into evidence because that report was not mailed to the department within three business days as required by § 14-227b (c) and, therefore, was inadmissible. He contended that the A-44 form and the narrative police report were not completed until five days after his arrest and that the A-44 form is time-stamped by the defendant nine days after his arrest. The plaintiff argued that the packet containing the A-44 form and its attachments was the only evidence submitted by the defendant at the administrative hearing, and, without that report, there was not substantial evidence to suspend his license.

On July 8, 2020, the court issued a memorandum of decision dismissing the appeal. The court reasoned that the "[f]ailure to meet the conditions for admissibility specified in . . . § 14-227b (c) does not necessarily mean that the report is absolutely inadmissible. The rules of evidence, including the hearsay rules, are not strictly applied in administrative hearings. The law remains that, in the setting of an administrative hearing such as the underlying hearing in this matter, police reports, and other hearsay documents, are admissible without the testimony of the author, if the documents are reasonably found to bear indicia of trustworthiness and reliability. Such is the case here." The court reasoned that the failure to satisfy the three day mailing requirement did not undermine the reliability and trustworthiness of the information reported therein, as the A-44 form and its attachments were signed by the arresting officer. The court thus concluded that exhibit A properly was admitted into evidence. This appeal followed.

The plaintiff claims that exhibit A, the A-44 form and its attachments, is inadmissible because that report was not submitted to the department within three business days as required by § 14-227b (c). The plaintiff notes,

and the commissioner does not dispute, that the A-44 form and the narrative police report were not completed until July 19, 2019, five days after his July 14, 2019 arrest and were not received by the department until July 23, 2019, nine days after his arrest. As a result, he concludes, the A-44 form and its attachments lacked sufficient indicia of reliability to be admissible at the administrative hearing. We are not persuaded.

At the outset we note that "[j]udicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act [(UAPA), General Statutes §§ 4-166 through 4-189], and the scope of that review is very restricted. . . . Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion." (Citation omitted; internal quotation marks omitted.) *Murphy* v. *Commissioner of Motor Vehicles*, 254 Conn. 333, 343, 757 A.2d 561 (2000). "The plaintiff bears the burden of demonstrating that a hearing officer's evidentiary ruling is arbitrary, illegal or an abuse of discretion." (Internal quotation marks omitted.) *Paquette* v. *Hadley*, 45 Conn. App. 577, 580, 697 A.2d 691 (1997).

Section 14-227b (c) provides in relevant part that if a person arrested for operating a motor vehicle while under the influence of intoxicating liquor submits to a breath analysis test that indicates such person has an elevated blood alcohol content then "the police officer . . . shall prepare a report of the incident and shall mail or otherwise transmit in accordance with this subsection the report and a copy of the results of any chemical test or analysis to the Department of Motor Vehicles within three business days. The report shall contain such information as prescribed by the Commissioner of Motor Vehicles and shall be subscribed and sworn to under penalty of false statement as provided in section 53a-157b by the arresting officer. If the person arrested refused to submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal. The report shall set forth the grounds for the officer's belief that there was probable cause to arrest such person for a violation of section 14-227a or 14-227m or subdivision (1) or (2) of subsection (a) of section 14-227n and shall state that such person had refused to submit to such test or analysis when requested by such police officer to do so or that such person submitted to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that such person had an elevated blood alcohol content. . . ."

Because the plaintiff argues that the A-44 form and its attachments were rendered inadmissible as a result of noncompliance with the three day mailing requirement, we first consider whether that requirement in § 14-227b (c), which provides that the police officer

"shall" mail or otherwise transmit the report within three business days, is mandatory or directory. Because this claim regarding § 14-227b (c) requires us to construe the relevant statute, our standard of review is plenary. See *Ives* v. *Commissioner of Motor Vehicles*, 192 Conn. App. 587, 595, 218 A.3d 72 (2019).

The use of the word "shall" in § 14-227b (c) does not, in and of itself, create a mandatory duty to mail the report within three business days. "[T]he use of the word shall, though significant, does not invariably create a mandatory duty. . . . In order to determine whether a statute's provisions are mandatory we have traditionally looked beyond the use of the word shall and examined the statute's essential purpose." (Citations omitted; internal quotation marks omitted.) *Crest Pontiac Cadillac, Inc.* v. *Hadley*, 239 Conn. 437, 445–46, 685 A.2d 670 (1996). In doing so here, we consider whether the time limitation on mailing the report is a matter of substance or convenience. "The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words. . . . Such a statutory provision is one which prescribes what shall be done but does not invalidate action upon a failure to comply. . . . A reliable guide in determining whether a statutory provision is directory or mandatory is whether the provision is accompanied by language that expressly invalidates any action taken after noncompliance with the provision." (Citation omitted; internal quotation marks omitted.) *Lauer* v. *Zoning Commission*, 246 Conn. 251, 262, 716 A.2d 840 (1998).

Although the statute provides that the police officer "shall mail" the report and test results within three business days, the statute does not expressly invalidate the report or test results upon noncompliance with the three day mailing requirement. The statute does not specifically mention admissibility, except with respect to electronic reports, which is not applicable in the present case, and does not state that a failure to mail the report within three days renders the report inadmissible. "A statutory provision that is directory prescribes what shall be done but does not invalidate action upon a failure to comply." (Internal quotation marks omitted.) *Francis* v. *Fonfara*, 303 Conn. 292, 302, 33 A.3d 185 (2012). Furthermore, the legislative provision at issue is designed to secure order, system and dispatch in the proceedings by ensuring that the report is reliable and can be admitted into evidence. The purpose of § 14-

227b (c) is to "provide sufficient indicia of reliability so that the [police] report can be introduced in evidence as an exception to the hearsay rule, especially in license suspension proceedings, without the necessity of producing the arresting officer." (Internal quotation marks omitted.) *Do* v. *Commissioner of Motor Vehicles*, 330 Conn. 651, 668–69, 200 A.3d 681 (2019). "That license suspensions hearings are limited to the four issues specified in subsection (f) of § 14-227b [now § 14-227b (g)] indicates that the legislature did not intend compliance with . . . subsection (c) to be an essential condition for suspension." *Bialowas* v. *Commissioner of Motor Vehicles*, 44 Conn. App. 702, 711, 692 A.2d 834 (1997). We conclude that the time requirement for mailing the report and test results of § 14-227b (c) is a matter of convenience rather than a matter of substance and, therefore, is directory.

We next turn to the plaintiff's contention that the court improperly determined that the hearing officer did not abuse her discretion in admitting the A-44 form and its attachments into evidence because that report was reliable and trustworthy despite the fact that it was not mailed to the department within three business days. With regard to the admissibility of such reports, § 14-227b-19 of the Regulations of Connecticut State Agencies[3] provides that "the report filed or transmitted by the arresting officer" and the chemical test results submitted contemporaneously with the report shall be admissible into evidence at the hearing if it conforms to the requirements of § 14-227b (c). The plaintiff relies on the following language from *Do:* "Subsection (c) of § 14-227b itself provides that the report, to be admissible, must be submitted to the department within three business days, be subscribed and sworn to by the arresting officer under penalty of false statement, set forth the grounds for the officer's belief that there was probable cause to arrest the driver, and state whether the driver refused to submit to or failed a blood, breath or urine test." *Do* v. *Commissioner of Motor Vehicles*, supra, 330 Conn. 668. We agree with the trial court as to the import of this language: "[Section] 14-227b (c) provides a safe harbor. Strict compliance with the conditions of § 14-227b (c) establishes the admissibility of the report. Our Supreme Court in *Do* confirmed this, finding that a report that had substantial inconsistencies was still admissible simply because it met the conditions for admissibility specified in the statute. However, the converse is not the law. Failure to meet the conditions for admissibility specified in § 14-227b (c) does not necessarily mean that the report is absolutely inadmissible."[4] (Footnote omitted.)

The admissibility of hearsay evidence is determined on the basis of whether it is reliable. "Administrative tribunals are not strictly bound by the rules of evidence . . . so long as the evidence is reliable and probative." (Internal quotation marks omitted.) *Bialowas* v. *Com-*

*missioner of Motor Vehicles*, supra, 44 Conn. App. 712. We, again, note that compliance with the admissibility requirements in § 14-227b (c) is designed to provide sufficient indicia of reliability so that the report can be introduced in evidence as an exception to the hearsay rule without the necessity of producing the arresting officer. *Do* v. *Commissioner of Motor Vehicles*, supra, 330 Conn. 668–69.

In the present case, the arresting officer completed and signed both the A-44 form and the narrative police report under oath and signed the plaintiff's breath analysis test results. Additionally, the A-44 form and its attachments satisfied additional requirements in § 14-227b (c) in that the report set forth the grounds for the officer's belief that there was probable cause to arrest the plaintiff and stated that the plaintiff had submitted to breath analysis tests. Under the facts in the present case, the A-44 form and its attachments, which were completed and signed, provide a sufficient indicia of reliability to be introduced into evidence without the testimony of the arresting officer. The plaintiff has not demonstrated that the short delay in mailing the A-44 form and its attachments affected the reliability of that report. See *Packard* v. *Dept. of Motor Vehicles*, Superior Court, judicial district of New London, Docket No. CV-90-0514307-S (September 18, 1991) (5 Conn. L. Rptr. 5) (failure to comply with three day mailing requirement in § 14-227b (c) had no impact on indicia of reliability), aff'd, 29 Conn. App. 923, 616 A.2d 1177 (1992); *Peters* v. *Dept. of Motor Vehicles*, Superior Court, judicial district of Hartford, Docket No. 701413 (July 11, 1991) (4 Conn. L. Rptr. 301) (failure to mail police report within three business days as required by § 14-227b (c) did not affect reliability or trustworthiness of report), aff'd, 26 Conn. App. 937, 601 A.2d 1 (1992). We conclude that the hearing officer had sufficient evidence from which to determine that the A-44 form and its attachments were reliable and trustworthy. Accordingly, the trial court properly found that the hearing officer did not abuse her discretion in admitting the A-44 form and its attachments into evidence.

The judgment is affirmed.

In this opinion ALEXANDER, J., concurred.

[1] "This form is entitled: Officer's OUI Arrest and Alcohol Test Refusal or Failure Report. The A-44 form is used by the police to report an arrest related to operating a motor vehicle under the influence and the results of any sobriety tests administered or the refusal to submit to such tests." (Internal quotation marks omitted.) *Nandabalan* v. *Commissioner of Motor Vehicles*, 204 Conn. App. 457, 461 n.5, 253 A.3d 76, cert. denied, 336 Conn. 951, 251 A.3d 618 (2021). "The provisions of . . . § 14-227b (c) and § 14-227b-19 of the Regulations of Connecticut State Agencies permit the admission of the police report on a form approved by the defendant, as the A-44 form has been, together with additional sheets or materials necessary to explain the report, which are considered part of the report." (Footnotes omitted.) *Paquette* v. *Hadley*, 45 Conn. App. 577, 580–81, 697 A.2d 691 (1997).

[2] General Statutes § 14-227b (c) provides: "If the person arrested refuses to submit to such test or analysis or submits to such test or analysis, commenced within two hours of the time of operation, and the results of

such test or analysis indicate that such person has an elevated blood alcohol content, the police officer, acting on behalf of the Commissioner of Motor Vehicles, shall immediately revoke and take possession of the motor vehicle operator's license or, if such person is a nonresident, suspend the nonresident operating privilege of such person, for a twenty-four-hour period. The police officer shall prepare a report of the incident and shall mail or otherwise transmit in accordance with this subsection the report and a copy of the results of any chemical test or analysis to the Department of Motor Vehicles within three business days. The report shall contain such information as prescribed by the Commissioner of Motor Vehicles and shall be subscribed and sworn to under penalty of false statement as provided in section 53a-157b by the arresting officer. If the person arrested refused to submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal. The report shall set forth the grounds for the officer's belief that there was probable cause to arrest such person for a violation of section 14-227a or 14-227m or subdivision (1) or (2) of subsection (a) of section 14-227n and shall state that such person had refused to submit to such test or analysis when requested by such police officer to do so or that such person submitted to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that such person had an elevated blood alcohol content. The Commissioner of Motor Vehicles may accept a police report under this subsection that is prepared and transmitted as an electronic record, including electronic signature or signatures, subject to such security procedures as the commissioner may specify and in accordance with the provisions of sections 1-266 to 1-286, inclusive. In any hearing conducted pursuant to the provisions of subsection (g) of this section, it shall not be a ground for objection to the admissibility of a police report that it is an electronic record prepared by electronic means."

[3] Section 14-227b-19 of the Regulations of Connecticut State Agencies provides in relevant part:

"(a) The report filed or transmitted by the arresting officer shall be admissible into evidence at the hearing if it conforms to the requirements of subsection (c) of section 14-227b of the . . . General Statutes.

"(b) The chemical test results in the form of the tapes from a breath analyzer or other chemical testing device submitted contemporaneously with the report shall be admissible into evidence at the hearing if they conform to the requirements of subsection (c) of section 14-227b of the . . . General Statutes.

"(c) An electronic record that contains electronic signatures of persons required to sign in accordance with subsections (a), (b) and (c) of section 14-227b-10 of the Regulations of Connecticut State Agencies shall be admissible at a hearing to the same extent as a report containing written signatures, as provided in subsection (c) of section 14-227b of the . . . General Statutes."

[4] The plaintiff contends that viewing § 14-227b (c) as a safe harbor results in there being "virtually no situation where a report could be kept out of evidence at an administrative per se hearing. The hearing officer would essentially have carte blanche to consider any and/all evidence put before it. Such a position does not comport with due process and the facilitation of justice." The primary purpose of license suspension hearings is "to protect the public by removing potentially dangerous drivers from the state's roadways with all dispatch compatible with due process." (Internal quotation marks omitted.) *Do* v. *Commissioner of Motor Vehicles*, supra, 330 Conn. 679. The focus of § 14-227b (c) is whether a report has a sufficient indicia of reliability to be admissible without the testimony of the arresting officer. Id., 668–69. Allowing the hearing officer in the present case, in which the report was mailed a few days late, to determine whether the report, nonetheless, was reliable promotes the state's interest in removing potentially dangerous drivers from the roadways with all dispatch, compatible with due process while also promoting the purpose of § 14-227b (c), which is admitting, without the necessity of producing the arresting officer, only reports that are *reliable*.